■ In the Matter of LEIGHTON HARDING, Appellant, against TOWN BOARD OF THE TOWN OF ISLIP, Respondent.— Proceeding under article 78 of the Civil Practice Act, to review a determination of the Town Board of Islip, which denied appellant's application for a permit to establish a house trailer park on his land which is situated in an industrial district under the local zoning ordinance. No public hearing was held on the application and no findings were made nor reasons stated for the denial. At Special Term the petition was dismissed on the ground that the proceeding has become academic by reason of a recent amendment to the zoning ordinance, which requires minimum plots of 20,000 square feet for buildings hereafter erected for purposes of single-family dwellings. Order reversed, with $50 costs and disbursements, the two separate defenses in respondent's answer struck therefrom, and respondent granted leave to serve an amended answer within 15 days after entry of the order hereon, setting forth findings or reasons for the denial of appellant's application. In lieu of such procedure respondent may, within the same period, withdraw its denial of appellant's application and either grant the application or give notice of a public hearing thereon. The zoning ordinance provides that several uses are lawful in an industrial district when authorized by the Town Board after public hearing, but in the case of an application for a permit for a house trailer park, a public hearing may be dispensed with under section 20 of the house trailer ordinance. The house trailer ordinance provides a comprehensive scheme for the establishment, regulation, and use of trailer parks. The May 26, 1956 amendments to articles IX, X, and XI of the zoning ordinance do not change the requirements for 1,200 square feet trailer plots with 30-foot frontages, as provided in the house trailer ordinance. Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.